**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:07CV232-1-T
(1:04CR114)**

| | | |
|---|---|---|
| **JAMES HARVEY SMITH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **O R D E R** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed June 25, 2007, and Respondent's motion for summary judgment, filed April 24, 2008. For the reasons stated herein, the Respondent's motion is granted and Petitioner's motion to vacate is dismissed.

**I. PROCEDURAL HISTORY**

On December 6, 2004, Petitioner was indicted on two counts of possession with intent to distribute at least 5 grams of actual methamphetamine in violation of 21 U.S.C. § 841 and one count of using

and possessing a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). **Bill of Indictment, filed December 6, 2004.** On January 12, 2005, the Government filed a § 851 notice indicating that it would rely on a previous drug felony conviction for purposes of sentencing. **Information pursuant to 21 U.S.C. § 851, filed January 12, 2005.**

Thereafter, the Petitioner entered into a plea agreement with the Government wherein he agreed to plead guilty to one of the drug offenses and the firearm charge in exchange for the Government's dismissal of the remaining drug charge. **Plea Agreement, filed February 14, 2005.** On February 22, 2005, Petitioner and counsel attended a Rule 11 hearing and formally entered his guilty pleas. **Rule 11 Inquiry and Order of Acceptance of Plea, filed February 22, 2005.** On March 30, 2006, this Court sentenced Petitioner to 100 months imprisonment on Count One and a 60-month consecutive sentence on Count Three.[1] **Judgment of Conviction in a Criminal Case, filed April 10, 2006**. On April 17, 2006, Petitioner filed a notice of appeal. **Notice of Appeal, filed April 17, 2006**.

---

[1] Pursuant to the terms of the plea agreement, Count Two was dismissed.

In August 2006, Petitioner, through counsel, filed a motion to dismiss his appeal. Petitioner stated that although he understood his right to appeal his conviction and sentence, he no longer wished to pursue the appeal after discussing with his attorney the possible appeal issues in his case. **Exhibit 7, *attached to* Government's Answer to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed April 24, 2008.** The Fourth Circuit granted Petitioner's motion and his appeal was dismissed by Order filed August 8, 2006. **Exhibit 8, *attached to* Government's Answer.**

On June 25, 2007, Petitioner timely filed his § 2255 motion alleging that: (1) his guilty plea to his § 924(c) charge was involuntary and unknowing; (2) he is actually innocent of his § 924(c) conviction; and (3) his trial and appellate counsel were ineffective for failing to challenge his § 924(c) conviction.

After requesting the Respondent to answer the allegations contained in Petitioner's motion, the Respondent filed an answer and motion for summary judgment on April 24, 2008. On April 25, 2008, this Court issued an order in compliance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), informing the Petitioner of his responsibility to respond to the

Government's motion for summary judgment and advising Petitioner that his failure to do so might result in summary dismissal of his motion. **Order, filed April 25, 2008, at 2.** Petitioner's deadline for filing a response has expired and Petitioner has failed to respond to Respondent's motion.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant summary judgment when the pleadings and other relevant documents reveal that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *See, e.g. Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990).

A genuine issues exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. However, the party opposing summary judgment may not rest upon mere allegations or denials and, in any event,

a "mere existence of a scintilla of evidence" is insufficient to overcome summary judgment.  *Id.* **at 252.**

____

### III. ANALYSIS

The basis for all four of Petitioner's claims is that the facts do not support a finding that he was guilty of violating 18 U.S.C. § 924(c).  With this as his premise, Petitioner argues that he is actually innocent of the gun conviction; his guilty plea was involuntary because he was not guilty of the gun charge; his trial counsel was ineffective for advising him that he was guilty; and his appellate counsel was ineffective for challenging his gun conviction on appeal.  Because Petitioner's premise is faulty, all of his claims are without merit.

Citing the Supreme Court's holding in *Bailey v. United States*, 516 U.S. 137 (1995), the Petitioner argues that the facts of his case do not support a § 924(c) conviction.  More specifically, Petitioner argues that he is actually innocent of this crime because the drug transaction charged in the indictment occurred in the backyard of his home and the firearm in question was located inside his house.

The factual basis for Petitioner's plea was set forth in his presence report. **Exhibit 5, Presentence Report, dated January 9, 2006, *filed under seal* April 24, 2008.** After police conducted an undercover drug purchase from the Petitioner at his residence, they obtained and executed a search warrant for the residence.[2] *Id*. **at 5.** After entering the house, the police retrieved $5,789.00 in cash from Petitioner's person and wallet. In addition, police located a small safe in Petitioner's bedroom which contained approximately one ounce of marijuana, a loaded Beretta 9mm handgun, one ounce of methamphetamine, and drug paraphernalia. *Id.* The search of the bedroom itself also produced additional drug paraphernalia, digital scales, and a loaded .25 caliber semiautomatic handgun in a dresser drawer. *Id*. The bedroom also contained monitors of an ADT surveillance camera system which allowed Petitioner to view both streets leading to his residence as well as all entrances to his residence. *Id*. Another surveillance system was located

---

[2] Petitioner's allegations appear to focus on the second undercover drug transaction that occurred October 21, 2004. According to the presentence report, the confidential source entered Petitioner's house to purchase the drugs on the first undercover buy. **Presentence Report, at 4.** In any event, the facts of either undercover purchase support a § 924(c) conviction.

in the basement along with additional drug paraphernalia.  *Id*.  Petitioner

does not contest these facts; however, he argues that because the drug

purchase occurred in his yard rather than in his house, he is actually

innocent of the § 924(c) charge.

The law does not support Petitioner's argument.  In response to the

Supreme Court's holding in *Bailey*, Congress amended 18 U.S.C. § 924(c)

in 1998 by prohibiting the "possession" of a firearm "in furtherance of"

certain crimes.  Section 924(c)(1)(A) provides that "any person who, during

and in relation to any . . . drug trafficking crime . . .  uses or carries a

firearm, or who, in furtherance of any such crime, possesses a firearm," is

subject to various terms of imprisonment.  **18 U.S.C. § 924(c)(1)(A).**  With

the 1998 amendment, Congress intended to broaden the reach of the

statute beyond the Supreme Court's narrow construction and "revers[e] the

restrictive effect of the *Bailey* decision."  ***United States v. Timmons*, 283

F.3d 1246, 1252 (11ᵗʰ Cir. 2002) (quoting House Report).**  With respect

to the possession of a firearm in furtherance of a drug trafficking offense,

the Fourth Circuit has held that "§ 924(c) requires the government to

present evidence indicating that the possession of a firearm furthered,

advanced, or helped forward a drug trafficking crime."  ***United States v.***

**Lomax, 293 F.3d 701, 705 (4th Cir. 2002).** Thus "[a] conviction under §

924(c)(1) is inappropriate if 'the firearm's presence is coincidental or

entirely unrelated to the crime.'" **United States v. Stevens, 380 F.3d**

**1021, 1027 (7th Cir. 2004) (quoting Smith v. United States, 508 U.S.**

**223, 238 (1993)).**

The Fourth Circuit has set forth factors that may lead a fact finder to

conclude that a connection existed between a defendant's possession of a

firearm and his drug trafficking. These factors include, but are not limited

to, the type of drug activity that was being conducted, accessability of the

firearm, the type of weapon, whether the weapon was stolen, whether the

defendant possessed the firearm legally or illegally, whether the firearm

was loaded, proximity of the firearm to the drugs or drug profits, and the

time and circumstances under which the gun was found. **Lomax, supra**

**(citing United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir.**

**2000)).**

In the instant case, consideration of the factors set forth in *Lomax*

supports a conclusion that Petitioner possessed firearms in furtherance of

a drug trafficking offense. It is undisputed that the firearms belonged to

Petitioner. In addition, the Beretta was loaded and located in a safe with

the drugs.  Another loaded gun was located in the same room in a dresser drawer.  Finally, the safe was located in a room containing a surveillance system which allowed Petitioner to monitor both streets leading to his residence and the entrances to his house.  Thus, the evidence indicates that Petitioner possessed the loaded firearms in close proximity to the drugs to enable him to defend against someone trying to steal the drugs or to lessen the chance that a robbery would occur.  ***Id.* (setting forth various ways a defendant engaged in drug trafficking may use his possession of a firearm to advance his drug trafficking); *see also United States v. Milbourne*, 129 F. App'x 861, 868-69 (4th Cir. 2005) (reasonable juror could find § 924(c) violation where gun was discovered during execution of search warrant located between mattress and box springs across from a closet containing drugs); *Stevens*, *supra* (evidence sufficient to support § 924(c) conviction where firearms were found in same bedroom with drugs and drug paraphernalia, guns were easily accessible, one firearm was loaded and had a round chambered, and extra bullets were found in the same drawer).**  The undisputed facts are sufficient to support Petitioner's

admission under oath that he possessed the firearms in furtherance of a drug trafficking offense and to preclude his claim of actual innocence.

As the evidence in this case amply supports a § 924(c) conviction, Petitioner's counsel was not ineffective for advising Petitioner that the facts supported a conviction nor was his appellate counsel ineffective for failing to challenge his conviction on appeal.  ***See Strickland v. Washington*, 466 U.S. 687 (1984) (setting forth deficient performance and prejudice prong of ineffective assistance of counsel).**  Finally, Petitioner's counsel's advice that a conviction was likely based upon the facts of his case does not render his guilty plea involuntary.


## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Respondent's motion for summary judgment is **GRANTED** and Petitioner's motion to vacate, set aside, or correct sentence is **DENIED**.   A Judgment dismissing this action is filed herewith.

Signed: June 26, 2008

Lacy H. Thornburg
United States District Judge